IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

DAVID BRADFORD

Plaintiff,

v.

WATERTON PROPERTY MANAGEMENT,
LLC d/b/a WATERTON RESIDENTIAL

Defendants.

NO. 13CV6844

JURY TRIAL REQUESTED

### FIRST AMENDED VERIFIED COMPLAINT

NOW COMES, the Plaintiff, **DAVID BRADFORD**, hereinafter Plaintiff by and through his attorney, **VICKIE L. PASLEY of the LAW OFFICES OF VICKIE L. PASLEY, LTD.**, and complaining of the afore-named Defendants, **WATERTON PROPERTY MANAGEMENT, LLC, d/b/a WATERTON RESIDENTIAL** (hereinafter, collectively "Defendants") states as follows:

### Preliminary Statement

1. This is an action seeking redress for the violations rights guaranteed to the Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000 (e) *et seq.*, as amended; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, as amended; the Americans with Disabilities Act of 1990, 42 U.S.C. §2101 *et seq.*, as amended, and certain contract rights afforded the Plaintiff by the State of Illinois. The Plaintiff is seeking mandatory injunctive relief and damages to redress discriminatory employment practices as engaged in by the Defendants.

1

## Jurisdictional Statement

2. Jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by (Title VII) of Civil Rights Act of 1964, 42 U.S.C.§ 2000(e) *et seq.*, as amended; the Americans with Disabilities Act of 1990, 42 U.S.C. § 2101 *et seq.*, as amended; and 28 U.S.C. §343(a)4. Declaratory relief is sought under U.S.C.§ 2201 and § 2202.

## Venue

3. This action properly lies in the Northern District of Illinois Eastern Division, pursuant to 28 U.S.C. § 1391 (b), because the claims arise out of incidents occurring in the County of Cook in this judicial district.

## Parties

4. The Plaintiff, **DAVID BRADFORD,** is American male citizen of the United States who resides in Cook County, Illinois and was employed on or about July 16, 2005 by the Defendants **WATERTON PROPERTY MANAGEMENT L.L.C.** and **WATERTON RESIDENTIAL,** until he was terminated on June 16, 2013.

5. Defendants, are licensed limited liability corporations in the State of Illinois and are subject to the Constitutions of the United States of America and the State of Illinois, and any and all applicable statutes, laws, regulations and codes of said entities.

6. Defendants, **WATERTON PROPERTY MANAGEMENT L.L.C.** and **WATERTON RESIDENTIAL,** a subsidiary of **WATERTON ASSOCIATES L.L.C.,** maintain its headquarters located at 30 S. Wacker Drive, Suite3600, Chicago, IL 60606 and otherwise conduct business for the County of Cook in the State of Illinois.

## Procedure

7. A charge was filed with the Equal Employment Opportunity Commission (by Plaintiff on June 7, 2013. The Civil Rights Division of the United States Department of Justice issued Plaintiff a "Notice of Right to Sue" on June 19, 2013. (See Exhibit A) Said notice entitles the Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said notice. Plaintiff received the letter on June 24, 2013 via mail to his home address. This action was instituted within said ninety (90) day period. Additionally, a subsequent companion charge was filed with the EEOC by Plaintiff on December 16, 2013. The Civil Rights Division of the United States Department of Justice issued to Plaintiff a "Notice of Right to Sue" on February 3, 2014. (See Exhibit B) Said Notice entitles Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said notice. Plaintiff received the notice on February 8, 2014. This amended action was instituted within said ninety (90) days.

## Facts

8. Plaintiff was hired by Defendants as a Helper C Janitor on July 16, 2005.

9. As a Helper C Janitor (often referred to as "commercial men"), Plaintiff's responsibilities and duties include, but are not limited to the following:

- Taking care of and maintaining the outside perimeters
- Cleaning the windows, including the revolving doors windows
- Dust-mopping the common areas

10. As a Helper C Janitor, Plaintiff receives an hourly pay of $16.98.

11. Plaintiff was never given, received or seen the Waterton Residential Standards of Performance manual upon securing employment with Defendant, **WATERTON PROPERTY MANAGEMENT**.

12. Plaintiff performed his duties as Helper C Janitor for Defendant in a satisfactory manner.

13. Although Plaintiff was hired as Helper C Janitor, Plaintiff often performed Helper A Janitor (often referred to as "tower men") duties. Helper A Janitor responsibilities and duties include, but are not limited to the following:

- Maintaining the towers
- Making sure the laundry room is tidy
- Vacuuming the floors in front of the elevator
- Making sure the trash chutes are clean and clear
- Making repairs in apartments

14. Helper A Janitor receives an hourly pay of approximately $22.00.

15. Plaintiff performed Helper A Janitor duties at Helper C Janitor rate.

16. Despite the satisfactory performance of duties, Plaintiff was terminated on June 6, 2013 allegedly for taking an extended breaks:

17. Plaintiff was wrongly terminated by Defendants for taking an extended lunch break when similarly situated individuals who worked for Defendants engaged in the exact same practice, but were not terminated.

18. Defendants have been charged with other instances of discriminatory behavior against their employees. Hence there is a pattern and practice of discriminatory behavior towards employees.

4

## COUNT I

## VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990

Plaintiff re-alleges paragraphs one (1) through eighteen (18) and incorporates the same by reference as if fully set out in Count I herein.

19. Section 2102 of the Americans with Disabilities Act defines a "disability" in part as "a physical or mental impairment that substantially limits one or more major life activities of such individual."

20. Plaintiff suffers from heart problems and spondylosing arthritis of the spine. Spondylosing arthritis effects the Plaintiff on a daily basis and causes him to experience excruciating back pains. In addition Plaintiff's range of motion of his lumbar spine is markedly restricted due to his diagnosis of spondylosing arthritis.

21. Plaintiff's severe back pain causes severe flare-ups that occur spontaneously requiring him to stop everything he is doing and sit for about two hours to relieve the pain.

22. As a result of these conditions, Plaintiff suffered a back injury while performing his Helper C Janitor duties for Defendants in June of 2010.

23. Plaintiff informed his supervisor at the time "Peter" about the injury to his back.

24. Plaintiff sought immediate medical attention and was out of work from the day after the injury until approximately September of 2010.

25. Plaintiff was given clearance with no restrictions to begin working again in September of 2010.

26. Another incident occurred in June 26, 2011 when Plaintiff was rightfully

performing his Helper C Janitor duties. Plaintiff felt his back pop and he immediately reported the incident to the Supervisor of Security. The injury occurred on a Sunday and the proper call was to report any matters to Supervisor of Security, which Plaintiff promptly did.

27. Plaintiff went to Rush Hospital where the doctor confirmed that Plaintiff's back was sprained.

28. Plaintiff was off work for this injury from the time of the incident until June 6, 2012.

29. Plaintiff underwent treatment for both injuries suffered as an employee and eventually filed two separate worker's compensation claims for each respective injury.

30. After he recuperated from his second injury and was given clearance with no restrictions from his doctor, Plaintiff returned to work. Upon returning to work, Plaintiff noticed that he was given different duties. Before he was injured, he performed many Helper A Janitor duties, but once he returned to work, his supervisors gave him inferior and demeaning duties to complete.

31. Plaintiff was eventually terminated on June 6, 2013 for taking an extended break.

32. Plaintiff was forced to take an extended break, as he had done many times prior to his workmen's compensation claims, because of his condition with his back.

33. Similarly situated employees without back injuries were not disciplined in the same manner as Plaintiff was disciplined; said employees were not terminated from their employment

6

34. Hence, the discipline and subsequent termination of Plaintiff was pretextual.

WHEREFORE, Plaintiff, **DAVID BRADFORD**, respectfully requests that this Court provide the following relief:

A. Enter a declaratory judgment in Plaintiff's favor and against all named Defendants, finding that said Defendants violated the civil rights of **DAVID BRADFORD** under 42 U.S.C. § 1983;

B. Grant a permanent injunction restraining Defendants and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates and violates 42 U.S.C. § 1983;

C. Grant a permanent injunction restraining and all persons in active concert or participation with them, from preventing Plaintiff from the discharge of his official duties as maintenance technician and to restore Plaintiff to the maintenance technician with all benefits and financial re-numeration.

D. Enter a judgment in Plaintiffs favor and against all named Defendants, jointly and severally, for compensatory, punitive and consequential damages for five hundred twenty five thousand dollars ($525,000.00);

E. Enter a judgment in Plaintiff favor and against all named Defendants, jointly and severally for reasonable attorney fees and costs incur'ed in bringing this action;

F. For any further relief this Court deems just and proper.

## COUNT II

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) and incorporate the same by reference as if fully set out in Count II herein.

35. Plaintiff, **DAVID BRADFORD,** has been discriminated against on many occasions based on his age in violation of Age Discrimination in Employment Act of 1967, as amended.

7

36. During Plaintiff's employment with Defendants, he was the oldest member of the janitorial workforce.

37. After he returned back to work from his injury, Plaintiff was assigned menial duties younger similarly-situated workers were not assigned said duties.

38. Upon Plaintiff's return to work, he noticed that younger janitors were performing duties he once performed.

39. Hence, the discipline and subsequent termination of Plaintiff was pretextual.

WHEREFORE, Plaintiff, **DAVID BRADFORD,** respectfully requests that this Court provide following relief:

A. Enter a declaratory judgment in Plaintiffs favor and against all named Defendants, finding that said Defendants violated the civil rights of **DAVID BRADFORD** und, 42 U.S.C. § 1983;

B. Grant a permanent injunction restraining Defendants and all persons in active or participation with them, from engaging in any employment practice which unlawfully discriminates and violates 42 U.S.C.§ 1983;

C. Grant a permanent injunction restraining and all persons in active concert or participation with them, from preventing Plaintiff from the discharge of his official duties as maintenance technician and to restore Plaintiff to the maintenance technician with all benefits and financial re-numeration.

D. Enter a judgment in Plaintiffs favor and against all named Defendants, jointly and severally, for compensatory, punitive and consequential damages for five hundred twenty five thousand dollars ($525,000.00);

E. Enter a judgment in Plaintiff favor and against all named Defendants, jointly and severally for reasonable attorney fees and costs incurred in bringing this action;

F. For any further relief this Court deems just and proper.

## COUNT III

## HOSTILE WORK ENVIRONMENT

Plaintiff re-alleges paragraph one (1) through thirty-nine (39) and incorporate the same by reference as if fully set out in Count III herein.

40. Plaintiff, **DAVID BRADFORD,** has been discriminated against on countless occasions based on his disability in violation of the American with Disabilities Act of 1990, as amended.

41. Upon his return to work after his injuries he begin to notice his supervisors treating him differently than the other employees.

42. Hence, the discipline and subsequent termination of Plaintiff was pretextual.

WHEREFORE, Plaintiff, **DAVID BRADFORD,** respectfully requests that this Court the following relief:

- A. Enter a declaratory judgment in Plaintiff's favor and against all named Defendants, finding said Defendants violated the civil rights of **DAVID BRADFORD** under 42 U.S.C. § 1983;

- B. Grant a permanent injunction restraining Defendants and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates and violates 42 U.S.C.§ 1983;

- C. Grant a permanent injunction restraining and all persons in active concert or participation with them, from preventing Plaintiff from the discharge of his official duties as maintenance technician and to restore Plaintiff to the maintenance technician with all benefits and financial re- numeration.

- D. Enter a judgment in Plaintiff's favor and against all named Defendants, jointly and severally, for compensatory, punitive and consequential damages for five hundred and twenty five thousand dollars ($525,000.00);

E. Enter a judgment in Plaintiff's favor and against all named Defendants, jointly and severally for reasonable, attorney fees and costs incurred in bringing this action;

F. For any further relief this Court deems just and proper.

## COUNT IV

## RETALIATION

Plaintiff re-alleges paragraphs one (1) through thirty-nine (42) and incorporates the same by reference as if fully set out in Count IV herein.

43. Beginning on or about 2009, and continuing thereafter, Plaintiff initiated complaints to management regarding the hostile work environment, discriminatory work imposed upon him, and mistreated him as an older person at the hands of various employees and agents of the Defendants. The hostility and discriminatory behavior increased at or about the time that Plaintiff filed an initial worker's compensation claim for a work related injury in 2010.

44. On or about, June 26, 2011; Plaintiff injured himself again on the job and subsequently filed a worker's compensation claim.

45. Plaintiff was out of work from this June 26, 2011 injury until approximately February 2012.

46. Plaintiff was unfairly singled out after filing the worker's compensation claim for alleged poor work performance and was treated differently that similarly situated younger, non-injured employees. Specifically, Plaintiff endured three "write ups" within a four month span. Previous to the filing of the worker's compensation claim, Plaintiff had a work record with no previous write-ups. Further, Plaintiff had been lauded by others as a good employee.

47. Defendant through one of its agents, offered Plaintiff at least $25,000.00 to settle his second pending worker's compensation claim and tried to force Plaintiff to resign before the trial commenced on the worker's compensation matter.

48. During this time period, while still employed with Defendant, Plaintiff saw a posting of his job being available and offered for potential and prospective employees.

49. Plaintiff had previously complained to the Defendants regarding the verbal abuse he endured from his supervisor Asiam.

    a. Specifically, on March 19, 2013, after an employee meeting, Asiam singled out Plaintiff by saying "we have the old people here and we are trying to replace them." Immediately after, all the employees present laughed at Plaintiff. Plaintiff is the by far the oldest of similarly situated employees by approximately fifteen years.

    b. Two years prior, Asiam stated a similar statement singling out Plaintiff based upon his age.

50. That despite these complaints, Defendants took no action and further reprimanded Plaintiff.

51. After his numerous complaints, Plaintiff experienced an atmosphere of retaliation and unequal treatment, different than similarly situated employees in that:

    a. Defendant's assigned him work to do that they did not offer to any other similarly employed Helper C work. Specifically, requiring him to hand clean dishes of employees after dining when a dishwasher was readily available but was not used for any apparent reason.

52. Further, throughout this time period, Plaintiff initiated complaints to the Equal Employment Officer regarding the conduct of Defendant's agents. Plaintiff filed a formal claim with the EEOC on June 7, 2013. (Se Exhibit A)

53. As a result of the constant harassment by Defendant, through its Agents, Plaintiff has suffered grievous psychological emotional and physical harm, which cumulated in Plaintiff suffering a heart attack on Christmas Day in 2013.

54. Defendants engaged in unlawful actions in order to retaliate against Plaintiff because of his age, his on the job injuries and his subsequent worker's compensation claims.

55. Hence, the actions taken against Plaintiff, and the subsequent termination of Plaintiff was pretextual.

56. The aforementioned acts of the Defendants constitute unlawful Retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 as amended, and U.S.C. 2000(c) *et seq.* as amended.

**WHEREFORE,** Plaintiff, **DAVID BRADFORD** respectfully requests that this Court provide the following relief:

A. Declare the Defendant's conduct to be in violation of the rights guaranteed to Plaintiff under appropriate federal law;

B. Grant permanent injunction restraining Defendant, its Agents, and its Officers, or Assigns and/or all persons in active concert participation with them from engaging in any employment practice which is retaliatory in nature;

C. Order Defendants to make the Plaintiff whole, by providing the affirmative relief necessary to eradicate the Defendant's unlawful practices;

D. Grant the Plaintiff any consequential, punitive, and other damages in excess of five hundred thousand and twenty five thousand dollars ($525,000);

E. Grant Plaintiff compensation for the damages to his reputation as a result of Defendant's unlawful practices.

F. That Plaintiff be awarded his Attorneys' fees and costs for bringing this action.

G. For any other relief this Court may deem necessary or appropriate.

## JURY TRIAL DEMAND

PLAINTIFF REQUESTS TRIAL BY JURY.

Respectfully submitted,
**DAVID BRADFORD**, Plaintiff

By: _____
Vickie L. Pasley, one of his attorneys

Vickie L. Pasley-#6190805
**LAW OFFICES OF VICKIE L. PASLEY, LTD.**
Attorney for: **PLAINTIFF**
25 E. Washington, Suite 908
Chicago, Illinois 60602
312-922-9514

STATE OF ILLINOIS )
                     ) SS:
COUNTY OF COOK )

Attorney No. 13326

## VERIFICATION

Under penalties as provided by law pursuant to Rule 15 of the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he truly believe the same to be true.

_____
DAVID BRADFORD

SUBSCRIBED and SWORN to before me this 25th day of March, 2014.

_____
NOTARY PUBLIC

OFFICIAL SEAL
VICKIE L PASLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 05/21/14

Vickie L. Pasley
**LAW OFFICES OF VICKIE L. PASLEY, LTD.**
25 E. Washington - Suite 908
Chicago, IL 60602
(312) 922-9514
Attorney No. 6190805

15

E:\lawdata\CLIENT ACTIVE FILES-A-TO-Z\B\Bradford, David\Certification.Verification.2wpd.wpd

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     **EXHIBIT A**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | David Bradford<br>9308 South Luella<br>Chicago, IL 60617 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2013-02593 | Wendy K. Martin,<br>Enforcement Supervisor | (312) 869-8127 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     6-18-2013
John P. Rowe,                                (Date Mailed)
District Director

Enclosures(s)

cc:    **WATERTON PRESIDENTIAL TOWERS**

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

EXHIBIT B

| To: | David Bradford<br>c/o Nisha Dotson<br>LAW OFFICES OF VICKIE L. PASLEY, LTD<br>25 E. Washington, Suite 908<br>Chicago, IL 60602 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2014-00577 | Wendy K. Martin,<br>Enforcement Supervisor | (312) 869-8127 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*   2-3-14
John P. Rowe,   (Date Mailed)
District Director

Enclosures(s)

cc: WATERTON PRESIDENTIAL TOWERS
555 W Madison
Chicago, IL 60661